## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAFI JAFARI, an individual,<br><br>        and<br><br>MM&L INTERNATIONAL<br>CORPORATION,<br><br>            Plaintiffs,<br><br>            v.<br><br>HOUSING AUTHORITY of the CITY OF<br>OMAHA, a governmental subdivision of the<br>State of Nebraska,<br><br>            Defendant. | Civil Action No.  8:17-cv-00436<br><br>(Removed from the District Court for<br>Douglas County, Nebraska, Case No.<br>D01CI170008593)<br><br><br>**DEFENDANT'S BRIEF<br>IN SUPPORT OF<br>MOTION TO DISMISS** |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW comes Defendant, Housing Authority of the City of Omaha (the "Housing Authority") and submits this Brief in Support of Motion to Dismiss as follows:

## I.        PRELIMINARY STATEMENT

This case stems from the United States Department of Housing and Urban Development ("HUD") decision to suspend the Plaintiffs from participation in HUD's Housing Choice Voucher Program ("Section 8"), and the Housing Authority's subsequent suspension of payments to the Plaintiffs under the applicable Housing Assistance Payment ("HAP") Contracts. Through this action, Plaintiffs seek a declaration that: (a) HUD's actions do not constitute a breach of the HAP Contracts; (b) the Housing Authority remains obligated to make housing assistance payments to the Plaintiffs; and (c) the Housing Authority breached the HAP Contracts by suspending payments to the Plaintiffs.  *See* Complaint (Doc. # 1-1).

However, the Complaint is deficient and must be dismissed because the Plaintiffs have failed to name HUD as a party, as required by F.R.C.P. 12(b)(7) and 19(a).  In the alternative, this Court should grant the Housing Authority leave to file a Third Party Complaint against HUD pursuant to F.R.C.P. 14.

## II.   CASE BACKGROUND

### A.   Procedural Posture.

On October 5, 2017, the Plaintiffs, Lafi Jafari and MM&L International Corp., filed this action against the Housing Authority in the District Court for Douglas County, Nebraska.  The Complaint for Declaratory Judgment purports to state claims for (a) Declaratory Judgment – Breach of Contract and (b) Declaratory Judgment – Improper Termination.  The Complaint was served on October 12, 2017.  On November 9, 2017, the Housing Authority filed a Notice of Removal.  *See* Doc. #1.  Removal was based upon this Court's federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also, One and Ken Valley Housing Group v. Maine State Housing Authority*, 716 F.3d  218 (1st Cir. 2013)(finding that federal district court had subject matter jurisdiction over landlord's suit against state housing authority for breach of HAP Contracts pursuant to 28 U.S.C. § 1331 and "federal ingredient jurisdiction").

### B.   Relevant Factual History.

In their Complaint, Plaintiffs allege that the Housing Authority breached certain HAP Contracts, which were "drafted by HUD […]. 24 C.F.R. § 982.162(a)(2)."  Complaint at ¶ 7.  According to the Plaintiffs, "[o]n February 27, 2017, HUD notified Mr. Jafari that he was immediately suspended from participating in procurement and nonprocurement transactions as a

participant or principal with HUD.  Because Mr. Jafari is a 'principal' of MML within the

meaning the applicable HUD regulations, MML was also suspended.  2 C.F.R. § 180.995."

Complaint at ¶ 8.[1]  Plaintiffs further allege that HUD's suspension of Plaintiffs is wrongful and

"is being actively challenged through appropriate administrative channels."  Complaint at ¶ 8.

In response to HUD's suspension of the Plaintiffs, and with HUD's consent, effective

March 1, 2017 the Housing Authority suspended all further housing assistance payments to

Plaintiffs. Complaint at ¶ 11.  Plaintiffs admit that, "[a]s a result of HUD's suspension of

Plaintiffs, [the Housing Authority] was prohibited from entering into new HAP contracts or

renewing expired HAP Contracts with Plaintiffs. 24 C.F.R. § 982.306, *accord* 2 C.F.R. §

180.305 (prohibiting participants, such as [the Housing Authority], from entering into covered

transactions, such as a HAP contract, with suspended persons."  Complaint at ¶ 9.  However, the

Plaintiffs argue that the Housing Authority breached the HAP Contracts because "nothing in the

applicable Section 8 regulations or the terms and conditions of the HAP Contracts permitted or

required [the Housing Authority] to suspend payments under or terminate its existing HAP

Contracts with Plaintiffs."  Complaint at ¶ 9.  In other words, the Plaintiffs acknowledge that the

Housing Authority cannot enter into new HAP Contracts with the Plaintiffs due to HUD's

suspension, but the Plaintiffs allege that they still are entitled to payments under existing HAP

Contracts.  If the Plaintiffs are entitled to this relief (which the Defendant denies), HUD must be

party to this litigation, as this Court cannot grant the Plaintiffs the proposed relief without

prejudicing HUD's rights and interests.

---

[1] HUD's suspension of the Plaintiffs was the result of Plaintiffs' indictment in this Court for conspiracy to defraud the United States and HUD's Section 8 Program, paying a bribe to an agent of organization receiving federal funds, false statements and representation, and aiding and abetting. *See* 18 U.S.C. §§ 371, 666(a)(2), 1001, and 2; *see also,* HUD Suspension Letter, attached hereto as Exhibit B, as referenced in Plaintiffs' Complaint at ¶¶ 8-9 (Doc. # 1-1). Specifically, Mr. Jafari was indicted for bribing Housing Authority employees with the intent to influence them or reward them for providing favorable official actions.  Exhibit B at 1.

On October 20, 2017, following an informal administrative hearing, HUD and the

Plaintiffs entered into an Administrative Agreement, a copy of which is attached hereto as

Exhibit A.  The Administrative Agreement provided, in part, that:

> HUD will instruct [the Housing Authority] to refrain from terminating the
> approximately thirty-one (31) active HAPs currently in place between
> MM&L, Jafari and [the Housing Authority].  In addition, HUD will advise
> [the Housing Authority] that the restrictions imposed upon MM&L and
> Jafari in [the Housing Authority's] March 2, 2017 suspension notification
> should be lifted with respect to these thirty-one (31) residences.

Exhibit A at ¶ 6.  To date, the Housing Authority has not received any such instruction or advice

from HUD.

## III.   ARGUMENT

### A.   Legal Standard.

Federal district courts are authorized to dismiss an action "for failure to join a party under

Rule 19" pursuant to F.R.C.P. 12(b)(7).  While the defendant has the burden of showing that the

unjoined entity is needed for a just adjudication, "when an initial appraisal of the facts reveals

the possibility that an unjoined party whose joinder is required under Rule 19 exists, the burden

shifts to Plaintiff to negate this conclusion."  *Boles v. Greeneville Housing Authority*, 468 F.2d

476 (6th Cir. 1972).  Plaintiffs' failure to meet this burden will result in the joinder of the party

or dismissal of the action.  *Id*.

When deciding a motion to dismiss under F.R.C.P. 12(b)(7) for failure to join a party

under F.R.C.P. 19, the Court must first determine if the party is a "necessary party" under Rule

19(a)(1).  *Rayeman Elements, Inc. v. Masterhand Milling, LLC*, No. 8:15CV89, 2015 WL

3658529, at *2 (D. Neb. June 12, 2015)(citing *Baker Group, L.C. v. Burlington N. & Santa Fe*

*Ry. Co.*, 451 F.3d 484, 490 (8th Cir. 2006).  Under F.R.C.P. 19(a)(1), a party is "necessary" if:

4

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If the Court determines that "the party is 'necessary,' subject to service of process, and joinder would not deprive the Court of subject matter jurisdiction, then 'the court must order that the person be made a party.'" *Rayeman Elements*, 2015 WL 3658529 at *3 (quoting F.R.C.P. 19(a)(2)). "If the party is necessary but joinder is not feasible because the party is not subject to service of process or joinder would deprive the Court of subject matter jurisdiction […] then the Court must determine under Rule 19(b), if 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Rayeman Elements*, 2015 WL 3658529 at *3 (quoting F.R.C.P. 19(b)); *see also Baker Group*, 451 F.3d at 490; *Ranger Transp., Inc. v. Wal–Mart Stores*, 903 F.2d 1185, 1187 n.2 (8th Cir. 1990).

F.R.C.P. 19(b) provides factors a court may consider when deciding if an action should proceed without the "necessary" party or be dismissed. The factors courts consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

**B.       HUD is a "Necessary Party" and Judgment in HUD's Absence would be Inadequate.**

In the instant case, this Court cannot provide complete relief to the existing parties without HUD's involvement.  The Plaintiffs allege that the Housing Authority "breached the HAP Contracts by suspending housing assistance payments to Plaintiffs based on HUD's suspension of Mr. Jafari."  Complaint at ¶ 18 (Doc. # 1-1).  In accordance with federal regulations, the Housing Authority's ability to perform its obligations under the HAP Contracts is largely dependent on HUD's performance of its obligations under an Annual Contribution Contract ("ACC") between HUD and the Housing Authority.  *See McQuilken v. A&R Development Corp.*, 510 F.Supp. 797, 800 (E.D.Pa. 1981)(explaining that HUD was a necessary and indispensable party in part because the contracts at issue are dependent on the ACC between HUD and the housing authority).

Specifically, the Section 8 Program is funded by HUD and administered locally by public housing agencies, like the Housing Authority.  Pursuant to federal regulation, HUD pays rental subsidies and housing assistance funds to housing agencies, and also provides funds to cover the housing agencies' administrative expenses.  24 C.F.R. § 982.1(a)(1).  Under the ACC, HUD agrees to make payments to the housing agencies, and the housing agencies agree to use those funds to make housing assistance payments to owners, like the Plaintiffs.  24 C.F.R. § 982.151(a)(1).  Thus, by operation of this regulatory framework, the Housing Authority cannot make any payments to the Plaintiffs, including previously suspended housing assistance

6

payments and future housing assistance payments, unless those funds are released by HUD in accordance with the ACC.

In *Lopez v. Arraras*, 606 F.2d 347 (1st Cir. 1979), the First Circuit determined that HUD was a necessary party in an action brought by low-income housing tenants against a local housing authority arising from the housing authority's alleged failure to comply with federal regulations for determining rental payment amounts.  The Court found that without HUD, complete relief could not be accorded among the parties.  *Lopez*, 606 F.2d at 352 (citing F.R.C.P. 19(a)(1)).  Importantly, the Court noted that any decision granting a monetary award to be paid with HUD monies "would be meaningless and unenforceable where HUD is not a party." *Id.* Thus, with such an award, relief would be "partial" or "hollow," rather than complete.  *Id.* (citing Advisory Committee's Note to proposed F.R.C.P. 19(a)(1), published in 39 F.R.D. at 91 (1966).  In the instant case, without HUD as a party any determination regarding housing assistance payments due to the Plaintiffs would be hollow, as such payments must be made with funds provided by HUD.

The necessity for HUD to be a party in this case also is reflected in the HAP Contracts between Plaintiffs and the Housing Authority.  According to the HAP Contracts, the Housing Authority "is only responsible for making housing assistance payments to the owner in accordance with the HAP contract and HUD requirements for a tenancy under voucher program."  Complaint at Exhibit C at ¶ 7(e).  Considering such contractual obligations, federal courts across the country have found that HUD is a necessary and indispensable party in actions brought by private plaintiffs against a public housing authority.  *See, e.g., Boles v. Greeneville Housing Authority*, 468 F.2d 476, 479 (6th Cir. 1972)(stating that "[w]e are most hesitant to set the precedent of allowing the policies and practices of HUD or any other federal agency to be

overhauled by the judiciary without at least affording the agency the opportunity to be heard in

support of its present operation"); *see also Evergreen Square of Cudahy v. Wisconsin Housing*

*and Economic Development Authority*, 105 F.Supp.3d 907 (E.D.Wis. 2015)(finding that a

housing authority's third party complaint against HUD should not be dismissed because private

plaintiff's contract claims against the housing authority impact the ongoing relationship between

HUD and the housing authority).

For example, in *McQuilken v. A&R Development Corp.*, 510 F.Supp. 797, 798-9 (E.D.Pa.

1981), the plaintiffs filed an equitable complaint against the Philadelphia Housing Authority

("PHA") and others to enjoin the construction of townhomes.  A contractor defendant filed a

Motion to Dismiss pursuant to F.R.C.P. 12(b)(7) for the Plaintiff's failure to join HUD as a

necessary and indispensable party within the meaning of F.R.C.P. 19.  *Id.* at 798.  The

townhomes were being constructed pursuant to a Turnkey Contract of Sale with the PHA, under

which the contractor defendants receive reimbursement for the costs of work together with a

fixed fee.  *Id.* at 802.  The contract further provided that HUD must approve in advance costs

incurred in the performance of work by the contractor defendant.  *Id*.  In evaluating the

contractor defendant's 12(b)(7) motion to dismiss, the district court recognized that:

> In that HUD is obligated pursuant to its Annual Contribution Contract
> with PHA to provide the funds which PHA is obligated to pay under the
> contract to [the contractor defendant], and since plaintiffs' claims […] if
> meritorious, may be passed through as costs of the work to PHA, HUD
> may be liable to PHA for all or part of plaintiffs' claims […].

*Id.*  Therefore, in HUD's absence, the Court found that it could not provide complete relief to the

existing parties.  *Id.*

Similarly, if the Plaintiffs' claims against the Housing Authority are meritorious, then

pursuant to the HAP Contracts, the ACC, and federal regulation, any monetary award granted to

the Plaintiffs, or any declaratory relief implicating the Housing Authority's payment obligations,

will pass through to HUD.  For instance, the Plaintiffs seek a determination that they are entitled

to all suspended housing payments plus interest.  Complaint at page 4, *ad damnum* clause.  In

accordance with 24 C.F.R. §§ 982.1(a)(1) and 982.151(a)(1) and the ACC, all funds for housing

assistance payments flow from HUD, to the Housing Authority, and then to owners like the

Plaintiffs.  As a result, this Court cannot grant complete relief to the parties in HUD's absence

and, therefore, HUD is a necessary and indispensable party under F.R.C.P. 19.

Additionally, through the Administrative Agreement entered into between the Plaintiffs

and HUD on October 20, 2017, after Plaintiffs' filing of the Complaint, both HUD and the

Plaintiffs seem to acknowledge that the relief requested by Plaintiffs in this action necessarily

requires action by HUD.  According to the Administrative Agreement, HUD agreed that it:

> will instruct [the Housing Authority] to refrain from terminating the
> approximately thirty-one (31) active HAPs currently in place between
> MM&L, Jafari and [the Housing Authority].  In addition, HUD will advise
> [the Housing Authority] that the restrictions imposed upon MM&L and
> Jafari in [the Housing Authority's] March 2, 2017 suspension notification
> should be lifted with respect to these thirty-one (31) residences.

Exhibit A at ¶ 6.  The plain language of this Administrative Agreement purports to alter

materially the obligations of the Housing Authority with respect to the Plaintiffs' suspension and

housing assistance payments.  Exhibit A.  This is significant because it underscores HUD's

central role in this action and confirms that HUD is a necessary and indispensable party.

9

## IV.    CONCLUSION

Based on the foregoing, this Court should dismiss Plaintiffs' Complaint pursuant to

F.R.C.P. 12(b)(7) and 19(a).  In the alternative, the Housing Authority requests that this Court

grant it leave to file a Third Party Complaint against HUD.


November16, 2017                          */s/*  Brian Hansen
                                          Brian Hansen Esq.
                                          NE Bar I.D. No.
                                          Omaha Housing Authority
                                          1805 Harney Street
                                          Omaha, NE 68102
                                          (t) 402-444-6900

                                          *Counsel for the Housing Authority of the City of Omaha*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2017, a true and correct copy of the

foregoing Brief in Support of Motion to Dismiss was served via United States mail, First Class,

postage prepaid, upon the following:

Daniel L. Rock
Ellick, Jones, Buelt, Blazek & Longo, LLP
9290 West Dodge Road, Suite 303
Omaha, NE 68114
(t) 402-390-0390
(f) 402-390-0127
drock@ellickjones.com

Andrew K. Wible
C. Kelly Kroll
Cohen Mohr LLP
1055 Thomas Jefferson St., N.W., Suite 504
Washington, D.C. 20007
(t) 202-342-2550
(f) 202-342-6147
awible@cohenmohr.com
kkroll@cohenmohr.com

*Attorneys for Plaintiffs*

Dated:  November 16, 2017                    */s/* Brian Hansen
                                             Brian Hansen

11